UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RODRIGUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>KATHLEEN ALLISON, Secretary of C.D.C.R.,<br><br>  Respondent. | No. 1:22-cv-00857-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant amended habeas petition on July 1, 2022, in the United States District Court for the Northern District of California. (Doc. 12.) The matter was transferred to this Court on July 12, 2022. (Doc. 15.) Petitioner challenges several convictions sustained in Kern County and Monterey County for crimes committed while incarcerated. For reasons discussed below, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

1

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his

> federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner indicates he has exhausted all levels of administrative relief. (Doc. 12 at 2.) However, it appears he has not sought relief in any state court, including presenting any of the claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

C.     Failure to State a Colorable Claim

Petitioner also fails to state a colorable claim for relief. He contends his sentences for multiple convictions sustained while he was incarcerated violate the Double Jeopardy Clause and constitute cruel and unusual punishment under the Eighth Amendment. According to his exhibits, Petitioner pled nolo contendere to a violation of Cal. Penal Code § 4502(A) for possession of a weapon and was sentenced to 2 years in jail/prison. (Doc. 12 at 10.) He also pled nolo contendere on October 27, 2015, to violations of Cal Penal Code § 4501.5 for battery by a prisoner and § 4502(A) for possession of a weapon and was sentenced to a total term of 5 years. (Doc. 12 at 11.) He also pled nolo contendere on May 11, 2016, to violation of Cal. Penal Code § 4501.5 for battery on a non-confined person and was sentenced to 2 years. (Doc. 12 at 13.)

The Fifth Amendment guarantee against double jeopardy protects against: (1) a second

3

prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989); see also Wilson v. Belleque, 554 F.3d 816 (9th Cir.2009). Double jeopardy is not implicated, however, when a defendant receives separate sentences for separate criminal acts. See, e.g., Eckert v. Tansy, 936 F.2d 444, 450 (9th Cir.1991) (convictions for two separate crimes that resulted in separate sentences did not violate double jeopardy principles). In this case, Petitioner was sentenced to separate sentences for separate crimes. It is clear that principles of double jeopardy were not implicated.

      A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); Rummel v. Estelle, 445 U.S. 263, 271 (1980). Nevertheless, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir.1992) (quoting Harmelin, 501 U.S. at 1001) (Kennedy, J., concurring)). Such instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at 72-73; Rummel, 445 U.S. at 272. So long as a sentence does not exceed statutory maximums, it will not be considered cruel and unusual punishment under the Eighth Amendment. See United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir.1998); United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990).

      Here, Petitioner received sentences on separate convictions as follows: 2 years for possessing a weapon in prison in 2019; 4 years for battery by a prisoner in 2015; 1 year for possessing a weapon in prison in 2015; and 2 years for battery on a non-confined person in 2015. (Doc. 12 at 11-13.) The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent property crime. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994–96 (upholding a

4

1  sentence of life without the possibility of parole for a defendant convicted of possessing more
2  than 650 grams of cocaine, although it was his first felony offense).  By comparison, Petitioner's
3  short term sentences for convictions of battery and possessing a weapon do not present colorable
4  claims of cruel and unusual punishment under the Eighth Amendment.

5  Accordingly, even if Petitioner's claims were exhausted, they do not present colorable
6  claims for relief.  The petition should be summarily dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED WITH PREJUDICE for failure to exhaust state remedies and for failure to state a colorable claim for relief.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 19, 2022**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE