UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE RODRIGUEZ,<br><br>  Petitioner,<br><br>  v.<br><br><br>KATHLEEN ALLISON, Secretary of C.D.C.R.,<br><br>  Respondent. | No. 1:22-cv-00857-ADA-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. No. 20)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Jorge Rodriguez is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2022, the assigned magistrate judge issued findings and recommendations to dismiss the petition as unexhausted and for failure to state a colorable claim for relief. (Doc. No. 20.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On August 3, 2022, petitioner filed objections to the findings and recommendations. (Doc. No. 22.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

*de novo* review of the case. In his objections, petitioner contends the petition was improperly transferred to the Eastern District from the Northern District insofar as venue was proper in the Northern District. Petitioner challenges three convictions sustained while imprisoned. Two out of the three convictions were sustained in Kern County, which lies within the jurisdiction of this court. Thus, venue is proper here as to those convictions. As to his Monterey County conviction, petitioner was advised in the order of transfer to file a separate petition challenging only that conviction in the Northern District.

Petitioner also contends his claims are fully exhausted, having sought relief at all levels of the state courts. Assuming petitioner has fully exhausted his claims, the magistrate judge correctly found them to be not colorable. The multiple convictions sustained while petitioner was imprisoned do not violate the Fifth Amendment guarantee against double jeopardy because each are for separate offenses. Petitioner argues that he cannot be sentenced to consecutive sentences for offenses he committed while in prison. This is incorrect; there is no prohibition on consecutive sentences for offenses committed in prison. In addition, the magistrate judge correctly determined that petitioner's sentences of two years for possessing a weapon in prison in 2019, four years for battery by a prisoner in 2015, one year for possessing a weapon in prison in 2015, and two years for battery on a non-confined person in 2015, do not present colorable claims of cruel and unusual punishment under the Eighth Amendment. (Doc. No. 12 at 11-13.)

Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the magistrate judge's analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed in only certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a)   In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on July 20, 2022, (Doc. No. 20) are adopted in full;

1      2.      The petition for writ of habeas corpus is dismissed with prejudice;

2      3.      The clerk of court is directed to enter judgment and close the case; and

3      4.      The court declines to issue a certificate of appealability.

4      This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    September 14, 2022                                 
                                                    UNITED STATES DISTRICT JUDGE